UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ISAIH WARE,

                Plaintiff,

v.                                                        Case No. 20-cv-1565-bhl

RODNEY WEARY, *et al.*,

                Defendants.

---

## SCREENING ORDER

---

Isaih Ware, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves Ware's motion for leave to proceed without prepaying the filing fee and screens and dismisses the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED
### WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Ware was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA gives prisoner-plaintiffs the ability to proceed with a case in federal court without prepayment of the filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 5, 2020, the Court ordered Ware to pay an initial partial filing fee of $ 40.40. Dkt. No. 6. Ware submitted $150.00 on November 12, 2020. Thus, the Court will grant the motion

1

for leave to proceed without prepaying the filing fee. Ware must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## FEDERAL SCREENING STANDARD

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## FACTUAL ALLEGATIONS

Ware was incarcerated at the Milwaukee Secure Detention Facility (MSDF) between October 2, 2018 and August 28, 2019. Dkt. No. 1 at 2. At some point during his time at MSDF, he received a decision revoking his extended supervision for seven years. *Id*. The decision explained that he could challenge the revocation by filing a writ of certiorari in Wisconsin state court. *Id*.

Ware sent a written request to Jacqueline Pflughoeft, the institution librarian, asking for a *pro se* writ of certiorari packet. *Id.* He apparently received the forms without problem and then filled them out. *Id*. On February 28, 2019, Ware asked two correctional officers who were working in his unit to make copies of his certiorari forms. *Id*. at 2-3. The officers told him that security staff were not allowed to make photocopies for inmates; that he should look in the inmate handbook for instructions on who to contact for photocopies. *Id*. at 3. Ware also asked unidentified "John Doe" first and second shift officers how to make photocopies of his documents. *Id*. Later, Sergeant Chappelle and David Townsend told Ware to "try writing the 7th floor social worker." *Id*. Ware looked in the inmate handbook, which did not provide any information on who could make photocopies. *Id*. He also wrote to 7th floor social worker Otobo, who did not respond. And he continued to ask other officers how to make photocopies, with no success. *Id*.

After a few days, Ware sent the only copy of his certiorari forms to Pflughoeft, but he never received the documents back. *Id*. Ware then had to fill out his certiorari forms again. *Id*. He paid the filing fee and submitted his new certiorari forms to the state court, but the judge denied his petition as untimely. *Id*.

Ware then wrote to Warden Steven Johnson, who contacted Unit Manager Rick Freeze. *Id*. Freeze discovered that Ware's missing certiorari forms were still in the mail room. *Id*. Freeze

3

then completed a notarized letter on behalf of MSDF taking full responsibility for Ware's certiorari forms not being timely filed. *Id*. Ware does not explain what happened with this letter or if he used it to reopen his dismissed certiorari petition. *See id*. Instead, he seeks immediate release from custody and $700,000. *Id*. at 4.

## LEGAL ANALYSIS

To state a claim for relief under 42 U.S.C. §1983, Ware must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Ware asks to proceed with a claim that the defendants hindered his right to access the courts with respect to filing his writ of certiorari. Dkt. No. 1 at 5. He states that the defendants refused to assist him with making photocopies of his certiorari forms, so he was unable to challenge his seven-year extended supervision revocation. *Id*.

Ware's claim is procedurally defective and must be dismissed. First, and fundamentally, Ware cannot seek "immediate release from custody" though a §1983 lawsuit. That remedy is only available through a writ of habeas corpus, which is "the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Pischke v. Litscher,* 178 F.3d 497, 499 (7th Cir. 1999) (holding habeas corpus, not § 1983, is the appropriate vehicle "if the prisoner is seeking to 'get out' of custody in a meaningful sense."). Ware must pursue "immediate release from custody" though a habeas petition.

Second, to the extent Ware seeks money damages rather than just release from custody, he cannot pursue that claim unless and until he first obtains a ruling that his conviction or continued

4

confinement is invalid. *See Heck v. Humphrey,* 512 U.S. 477 (1994) (a plaintiff cannot pursue a section 1983 claim for damages related to a state court conviction or sentence until conviction or sentence is invalidated); *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997) (concluding that *Heck v. Humphrey* applies to warrants, indictments, information summons, parole revocations, convictions or other judgments, and disciplinary punishment for the violation of a prison's rules); *see also Vega v. Anderson*, No. 18-CV-678-JDP, 2020 WL 5709234, at *6 (W.D. Wis. Sept. 24, 2020) ("Because [the plaintiff] has not yet obtained a favorable termination of his conviction, he can't sue defendants for money damages for impeding his right of access to the courts."); *see also Blaney v. Godinez*, No. 17-CV-1099-DRH, 2018 WL 4932453, at *2-3 (S.D. Ill. Oct. 11, 2018) (dismissing an access to the courts claim at screening as *Heck* barred).

To state an access-to-the-courts claim under §1983, Ware must allege that: (1) prison officials failed to help him prepare and file meaningful legal papers and (2) he lost a valid legal claim or defense because of the challenged conduct. *See Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir.2009); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir.2006). Ware must allege an "actual injury" in the form of interference with a "nonfrivolous legal claim." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Where a plaintiff's access to the courts claim involves challenging a conviction or improper confinement, the plaintiff is not "actually injured" unless he is successful in invalidating his conviction or continued confinement. *See Hoard v. Reddy*, 175 F.3d 531, 534 (7th Cir. 1999). As the Seventh Circuit explained, "where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction is valid, and so he cannot get damages until the conviction is invalidated." *Id*. As a practical matter, this means that Ware must use the notarized letter drafted by Freeze to reopen his petition writ of certiorari and he must

5

prevail in invalidating his seven-year extended supervision revocation before he can bring a §1983 lawsuit seeking money for hindering his access to the court.

The Court will briefly make two other observations. First, there is no independent constitutional right to photocopies. *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) (citing *Johnson v. Parke*, 643 F.2d 377 (10th Cir. 1981)). The reasonableness of a prison's photocopy policy becomes relevant only after the prisoner has shown that the policy is impeding access to the courts. *Id.* at 803. Ware alleges that various people told him that security staff could not make photocopies for inmates at the institution. This policy does not impede his access to the courts, however, because he also alleges that there were other individuals at the institution (like the librarian and social worker) who did this job.

Second, negligence does not violate the constitution. *See Hunter v. Welborn*, 52 F. App'x 277, 280 (7th Cir. 2002) (concluding that actions by a prison official that are "merely negligent [are] insufficient to support . . . a denial of access to the courts . . . claim under § 1983"); *see Funches v. Ebbert*, 638 F. Supp. 2d 1014, 1019 (S.D. Ill. 2009) (noting that the right of access to the courts does not permit recovery for careless or negligent acts); *see Ganus v. Carter*, No. 3:18-cv-928, 2019 WL 2602865, at *2 (N.D. Ind. June 24, 2019) ("Denial of access to the courts must be intentional; 'simple negligence will not support a claim that an official has denied an individual of access to the courts.'"). Ware alleges that his certiorari forms were still in the mailroom because the mailroom officer failed to actually mail them out. Ware does not allege that anyone intentionally refused to send in his legal paperwork. Instead, he suggests that it was an oversight or an accident by the mailroom officer, which only amounts to negligence. The Court will dismiss this case.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED**. The agency that has custody of the plaintiff shall collect from his institution trust account the **$ 200.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

**IT IS ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of

Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

The Court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 15th day of January, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge